LEDMAN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

STREET RAILROADS—INJURY TO TRAVELER—CONTRIBUTORY NEGLIGENCE.

The plaintiff, a boy 11 years of age, attempted to cross a city street, between street crossings. When he left the curb, a street car was only two or three houses away, and was approaching fast, and he was struck before he got across the track. The car was stopped almost instantly. *Held,* upon the evidence, that there was no negligence on the part of defendant, and that plaintiff was guilty of contributory negligence.

Appeal from trial term, New York county.

Action by William Ledman, by his guardian ad litem, Harris Ledman, against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment dismissing the complaint on a trial before a jury, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

I. M. Dittenhoefer, for appellant.
Nathan Ottinger, for respondent.

INGRAHAM, J. The action was brought to recover for injuries sustained by the plaintiff, a boy about 11 years of age, by being run over by one of the cars of the defendant. The plaintiff testified that on the day of the accident, about 2 o'clock in the afternoon, he started to cross Grand street, between Essex and Norfolk, to talk to two of his friends; that he saw that the car was coming, about three houses away from him; that he started to cross the street, but before he got out of the way the horses came too fast, and hit him, and he fell down, and was run over. The car was going east, and was in motion when the plaintiff saw it. The plaintiff did not attempt to cross at the cross walk, but seems to have been in the middle of the street, and the car was so quickly stopped that it had just gone upon the boy's foot when it was stopped. Another witness testified that he was on Grand street, between Norfolk and Essex, about 2 o'clock; that he noticed the car coming up on the east side, and saw the boy when he started to cross the street, when the car was about two or three doors away from the boy; that the car was going fast; that the plaintiff

crossed the first rail, and that the second horse struck his leg, and he fell on his face. The witness and another man ran over and stopped the horses when the first wheel of the south side was on the plaintiff's leg. They pushed the car back a little and took the boy out. The witness says that when he noticed the boy as he started to cross from the sidewalk he was walking slowly, and appeared to be looking straight across the street. There does not appear to have been any other vehicle in the street, or anything to prevent the plaintiff from seeing the car as it approached. The witness testified that the horses were not on a gallop; that they were running, but not too fast.

It is perfectly apparent that the boy deliberately walked across in front of this car, seeing that the car was approaching, without taking any steps to avoid it, and that the car, so far as appears, without increasing its speed, struck the boy before he was able to get out of its way. There is nothing here to show the absence of contributory negligence on behalf of the plaintiff, but, on the contrary, it appears that the injury was occasioned solely by the plaintiff's walking in front of the car without attempting in any way to avoid being run over, and that the accident was solely due to his own negligence. There is nothing to show that the driver was not attending to his business, or that the car was not under perfect control, but a case quite frequent is presented, viz. that of a boy running in front of a car as it is proceeding along in the usual manner, his attention attracted by something else than the approaching car, and thus failing to get out of the way in time to avoid injury. It is quite clear that the plaintiff failed in showing that he exercised any care, but that it appeared that the accident was solely the result of his own carelessness, and not due to the negligence of the defendant.

The judgment is affirmed, with costs. All concur.